In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-22-00395-CR**

**RYAN SETH WILLETTE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause No. CR35241**
_____

**MEMORANDUM OPINION**

In August 2020, a grand jury indicted Appellant Ryan Seth Willette ("Appellant" or "Willette") on three counts of sexual assault of a child younger than seventeen years of age, a second degree felony.[1] *See* Tex. Penal Code Ann. §§ 12.33, 22.011(a)(2)(A), (B), (C). After waiving his right to a jury trial, Willette pleaded guilty to count one, and the State agreed to dismiss the other two counts. After a

---

[1] The indictment reflects that the alleged victim for all three counts was the same child.

1

hearing on punishment, on August 4, 2022, the court placed Willette on deferred adjudication community supervision for a period of ten years and assessed a fine of $10,000.

On September 19, 2022, the State filed a Motion to Revoke, alleging that Willette had violated a term of his community supervision by testing positive for methamphetamines on or about September 6, 2022. In a hearing on November 9, 2022, Willette pleaded "true" to the alleged violations of the terms and conditions of his community supervision. A "Drug and/or Alcohol Admission Form" was admitted into evidence wherein Willette admitted he smoked "meth" on September 6, 2022. After hearing testimony, the trial court found the allegations "true," revoked Willette's community supervision, and adjudicated Willette guilty of sexual assault of a child. The court heard testimony on punishment and assessed punishment at confinement for seven years and no fine. In its Certification of Defendant's Right of Appeal, the trial court stated that this "is a plea-bargain case, and the defendant has NO right of appeal[.]" The trial court later signed a Certification of Defendant's Right of Appeal that stated this "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal." Willette timely appealed.

On appeal, Appellant's court-appointed attorney filed a brief stating that he has diligently reviewed the record and, based on his professional evaluation of the

record and applicable law, there are no arguable grounds for reversal. Appellant's court-appointed attorney also filed a motion to withdraw. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted extensions of time for Willette to file a pro se brief, and we received no response from Willette.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[2]

---

[2] Willette may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on June 20, 2023
Opinion Delivered June 21, 2023
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

4